IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

HOPE ROMERO and
EMILIO ROMERO,

        Plaintiffs,
  vs.                                  CIVIL NO.   10-298 JH/LFG

ROY CORDOVA and
EMERICK PADILLA,
in their individual capacities,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING IN PART AND GRANTING IN PART
## PLAINTIFFS' MOTION FOR ADDITIONAL LIMITED DISCOVERY

THIS MATTER is before the Court on Plaintiffs' Motion for Additional Limited Discovery [Doc. 32]. The Court considered the Motion, Response in Opposition [Doc. 36] and the Reply [Doc. 37], and determines that oral argument is not necessary.

## Background

Plaintiffs prosecute their claims pursuant to 42 U.S.C. § 1983, alleging that Defendants Sheriff Roy Cordova and Deputy Emerick Padilla violated their rights while acting under color of state law. Defendants moved to dismiss Plaintiffs' claims based on qualified immunity, and in accord with this Court's obligations, all discovery was stayed on May 28, 2010. [Doc. 18]. Ashcroft v. Iqbal, __ U.S. __ 129 S. Ct. 1937 (2009); Jiron v. City of Lakewood, 392 F.3d 410, 414 (10th Cir. 2004).

In its May 28, 2010 Order, the Court instructed the parties that to ensure that Plaintiffs have an adequate opportunity to respond to a motion to dismiss or for summary judgment, if Plaintiffs

believe some discovery on the issue of qualified immunity is necessary, they should proceed in accord with the requirements of Ben Ezra, Weinstein, & Co. v. America Online Inc., 206 F.3d 980, 987 (10th Cir. 2000)(holding that, under Rule 56(f), non-moving party seeking additional discovery must demonstrate precisely how additional discovery will lead to a genuine issue of material fact); *see also* Burke v. Utah Transit Auth. & Local 382, 462 F.3d 1253, 1264 (10th Cir. 2006)(Rule 56(f) affidavit must state with specificity how additional discovery will rebut summary judgment motion).

Thereafter, Plaintiffs did file a Rule 56(f) affidavit and sought to demonstrate how additional proposed discovery could assist in overcoming Defendants' *prima facie* showing [Doc. 22]. Based on the Court's review of the affidavit, the Court issued an order [Doc. 26] granting Plaintiffs additional limited discovery and setting a new date to file an amended response to Defendants' Motion for Summary Judgment on Basis of Qualified Immunity.

The requested discovery sought by Plaintiffs was not narrowly tailored to the issues of qualified immunity, but, rather, was "broad, free-wheeling discovery on virtually every aspect of the case." [Doc. 28, p. 2]. The Court found that Plaintiffs' request for expansive discovery was improper and, if granted, would compel Defendants to waive the very benefit of the qualified immunity defense to which they were entitled. After all, qualified immunity not only protects Defendants from liability, but from the burdens of trial, including discovery. Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982); Ashcroft v. Iqbal, *supra*; Jiron v. City of Lakewood, *supra*.

Therefore, in accord with the Tenth Circuit's mandate in Maxey ex rel. Maxey v. Fulton, 890 F.2d 279, 282-83 (10th Cir. 1989), the Court narrowly tailored the proposed discovery to discrete issues relating to qualified immunity, and set out various categories and various specific discovery that was authorized, as described below.

2

Relating to the June 9, 2009 incident:

- Limited discovery on the issue of Sheriff Cordova's involvement, if any, in the alleged constitutional violations, including incident reports for Hope Romero relating to the vehicular stop; any dispatch log with calls to or from Sheriff Cordova or Deputy Padilla on the night of the stop; and belt or video tapes relating to the stop, to the extent they were available (as requested at ¶ I(B)(4, 13, 14), Doc. 22, at 6-7).

Relating to the July 31-August 1, 2009 incident:

- All Incident Reports, Narrative Reports, or other written materials pertaining to the search of Emilio Romero's vehicle on July 31, 2009, as prepared by Deputy Padilla, Sheriff Cordova or any other employee of the Mora County Sheriff's office (as requested at ¶ II(B)(3), Doc. 22, at 11).

- All audio/visual recordings taken by any recording device inside squad cars used by Deputy Padilla and Sheriff Cordova between 10:00 p.m. and 12:00 a.m. on July 31, 2009 (as requested at ¶ II(B)(4), Doc. 22, at 11).

- All written accounts of the contact on July 31-August 1, 2009 between Deputy Padilla and "the Judge and District Attorney on call" mentioned in Deputy Padilla's Narrative Report pertaining to the arrest of Emilio Romero on July 31, 2009 (as requested at ¶ II(B)(6), Doc. 22, at 11-12).

- The names of "the Judge and District Attorney on call" mentioned in Deputy Padilla's Narrative Report pertaining to the arrest of Emilio Romero on July 31, 2009 (as requested at ¶ II(B)(7), Doc. 22, at 12).

- All audio/visual recordings taken from any recording device inside the Mora County Sheriff's office on July 31, 2009 between 10:00 p.m. and 12:00 a.m., and on August 1, 2009 between 1:00 a.m. and 3:00 p.m. (as requested at ¶ II(B)(8), Doc. 22, at 12).

- Any record of communications between Deputy Padilla and Sheriff Cordova on July 31, 2009 and August 1, 2009 involving any mention of Hope Romero or Emilio Romero (as requested at ¶ II(B)(15), Doc. 22, at 12).

Relating to the September 26, 2009 incident:

- A legible copy of Citation No. 3013010559797 and any related officer's notes written by Sheriff Cordova on September 26, 2009 (as requested at ¶ III(B)(2), Doc. 22, at 17).

- All Incident Reports, Narrative Reports, Statements of Probable Cause, or

> other written materials pertaining to Emilio Romero on September 26, 2009 prepared by Deputy Padilla, Sheriff Cordova and any other employee of the Mora County Sheriff's office (as requested at ¶ III(B)(3), Doc. 22, at 17).

• Any audio/visual recordings taken by any recording devices inside the squad car used by Sheriff Cordova at 9:00 p.m. on September 26, 2009 relating to the stop of Emilio Romero (as requested at ¶ III(B)(4), Doc. 22, at 17).

• Any audio/visual recordings taken from any recording device inside the Mora County Sheriff's office depicting Emilio Romero on September 26, 2009 (as requested at ¶ III(B)(5), Doc. 22, at 17).

The Court authorized Plaintiffs to serve limited interrogatories and requests for production, but denied the request for any depositions. The Court set out a time limit of five days within which Plaintiffs should serve their discovery requests, and gave Defendants fifteen days from receipt of the requests to provide answers, documents or requested information.

## **Present Motion**

Plaintiffs now seek additional limited discovery, contending that additional information "would allow the Court a better view of the facts and circumstances of the particular incidents described in Plaintiffs' Complaint." [Doc. 32, at 3].

The thrust of Plaintiffs' present motion is that much of the information requested in the first set of written discovery is not available. For example, in Request for Production No. 3, Sheriff Cordova was asked to produce "any belt or video tapes from Deputy Padilla relating to the stop." He responded that he has no knowledge or additional information to respond to the request. In other words, there are no belt or videotapes from Deputy Padilla relating to the stop. He previously produced the report regarding Hope Romero as part of his Fed. R. Civ. P. 26(a)(1) initial disclosures, Bates stamped MC0006-0008.

The documents previously produced note that Deputy Padilla "placed the recording device

4

on [his] belt not noticing that the battery was low." Accordingly, there is no belt or videotape to provide, and this request is therefore denied.

Similarly, with respect to Request for Production No. 4, the Court ordered production of all Incident Reports, Narrative Reports or other written materials pertaining to the search of Emilio Romero's vehicle on July 31, 2009. Sheriff Cordova responded, "Sheriff Cordova and the Mora County Sheriff's Department do not have any dispatch log document for this date related to Emilio Romero; it is believed that on the date requested herein, the New Mexico Department of Public Safety (State Police) was dispatching calls for law enforcement. The Mora County dispatcher is not on a ("24/7") basis and, when the Mora County dispatcher is not on duty, all calls are dispatched by the New Mexico State Police. Plaintiffs' counsel may wish to make a public records request to the State Police for any dispatch log document(s) related to the above date."

Thus, this is not a situation where Defendants are refusing to produce information; rather, it appears that there is simply no information to produce. The fact that Plaintiffs believe the response "stretches the imagination" is not a compelling reason to order anything further. The Court cannot order a party to produce something which does not exist. *See*, Univ. of Kan. v. Sinks, No. 06-2341-KHV-GLR, 2007 WL 869629, at \*3 (D. Kan. 2007) ("The Court cannot compel a party to produce documents based solely on opposing speculation and belief that responsive documents exist and that the producing party is withholding them").

The same is true for Request for Production No. 5. With respect to this Request, the Court ordered production of audio/visual recordings taken by any recording devices inside the squad cars used by Deputy Padilla and Sheriff Cordova between 10:00 p.m. and 12:00 a.m. on July 31, 2009. Sheriff Cordova responded, "There are no audio or video recordings taken by any recording devices inside the squad cars used by Deputy Padilla and Sheriff Cordova relating to the stop and arrest of

5

Emilio Romero on or about July 31, 2009."

As before, if there are no audio/visual recordings taken by any recording devices inside the squad cars, the Court cannot order that they be produced.

The same is also true for <u>Request for Production No. 6</u>. In this Request, the Court directed production of written accounts of the contact on July 31, 2009 and August 1, 2009 between Deputy Padilla and "the Judge and District Attorney on call" mentioned in Deputy Padilla's narrative. Sheriff Cordova responded, "Sheriff Cordova has no personal knowledge or information of any 'written accounts' of the contact(s) on July 31, 2009 and August 1, 2009 between Deputy Padilla and 'the Judge and District Attorney on call,' outside of the documents previously produced as part of Defendants' Rule 26(a)(1) initial disclosure documents." Those documents were Deputy Padilla's Narrative Report relating to a contact between him and the judge and District Attorney on call.

While Sheriff Cordova may have no personal knowledge, it is clear that Deputy Padilla's narrative referred to a contact he made with the judge and the District Attorney on call. Clearly, that information exists, and, therefore, Sheriff Cordova is required to identify the judge and the District Attorney on call, and he shall do so within ten days.

Plaintiffs' <u>Request for Production No. 7</u> to Sheriff Cordova asked for all audio/visual recordings taken from any recording device inside the Mora County Sheriff's office on July 31, 2009 between 10:00 p.m. and 12:00 a.m., and on August 1, 2009 between 1:00 a.m. and 3:00 p.m. Sheriff Cordova responded, "There were no audio or visual recordings of events inside the Mora County Sheriff's Office for the dates and times requested. There are no video recording devices inside the Mora County Sheriff's office."

This is an appropriate response. If there are no devices and recordings, there is no way for

6

Defendants to produce them.

In Request for Production No. 8, Plaintiffs seek from Sheriff Cordova the names of the "Judge and District Attorney on call." The Court previously directed production of the name of the judge and the District Attorney on call, to be done within ten days.

Plaintiffs' Request for Production No. 9 seeks "[a]ny record of communication between Deputy Padilla and Sheriff Cordova on July 31, 2009 and August 1, 2009 involving any mention of Hope Romero and Emilio Romero." Sheriff Cordova responded that he had no conversations with Deputy Padilla regarding Hope Romero on July 31, 2009 and August 1, 2009, and, therefore, there is no record of any such communication. He further stated that he does not recall any communications with Deputy Padilla on July 31, 2009 and August 1, 2009 involving any mention of Emilio Romero. Sheriff Cordova states that he does not believe there is a record of any communication other than documents previously produced.

While Sheriff Cordova may believe there are no documents, he has not indicated that he completed a thorough search of written documents. He must search records to ascertain whether there are or are not any documents responsive to this request. Miller v. Doctor's Gen. Hosp., 76 F.R.D. 136, 140 (W.D. Okla. 1977). Sheriff Cordova must serve a certification indicating that he has searched records and there are no documents or, alternatively, that he has produced all documents described in the request. This is to be done within ten days.

Request for Production No. 10 asks for a legible copy of the citation issued on September 26, 2009. Sheriff Cordova objects on grounds that the citation number given is incorrect. He states further that Plaintiffs may independently make a request for a better copy at the State Magistrate Court. This Court agrees. Plaintiffs may obtain the same citation at the Magistrate Court, and this request is denied.

In Request for Production No. 12, Plaintiffs request any audio/visual recordings taken by any recording devices inside the squad car used by Deputy Padilla at 9:00 p.m. on September 26, 2009 relating to the stop of Emilio Romero. As before, Sheriff Cordova responds that there are none. The Court will not order production of items that do not exist.

The overall thrust of Plaintiffs' motion is that the Court should order Defendants to produce information which they have sworn does not exist. This, the Court declines to do. To the extent the Court ordered Defendants to supplement their responses by either certifying that they have searched the record or produced documents, this information should be provided within ten days. Plaintiffs' request for additional discovery is denied, as any additional discovery would violate Defendants' rights under the qualified immunity defense.

As no further discovery, save for the identity of the judge and District Attorney and the certification of the record is required, the Court now lifts any stay relating to the summary judgment.[1]

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

---

[1] While it appears unlikely, if the production of any supplemental information as ordered produced in the Court's order results in the need to supplement Plaintiffs' response to the motion for summary judgment, a supplemental response may be filed within fifteen days (ten days for production of evidence, five days for Plaintiffs' response to the motion for summary judgment). If such a supplemental response is filed, Defendants will have five days to file a supplemental reply and a certificate of completion of briefing.